Kacaj v. Barr

BIA
A095 474 444

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty.

PRESENT:
>       PETER W. HALL,
>       SUSAN L. CARNEY,
>       JOSEPH F. BIANCO,
>               *Circuit Judges.*

_____

EJLL KACAJ,
>       *Petitioner,*

>       v.                                   **18-1696**
>                                            **NAC**

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:            James A. Lombardi, New York, NY.

FOR RESPONDENT:            Joseph H. Hunt, Assistant Attorney
                           General; John S. Hogan, Assistant
                           Director; Laura Maroldy, Trial
                           Attorney, Office of Immigration
                           Litigation, United States
                           Department of Justice, Washington,
                           DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ejll Kacaj, a native and citizen of Albania, seeks review of a May 8, 2018 decision of the BIA denying his motion to reopen his removal proceedings. *In re Ejll Kacaj,* No. A095 474 444 (B.I.A. May 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion and its country conditions determination for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). An alien seeking to reopen may file one motion to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Kacaj's 2017 motion to reopen was number-barred and untimely because it was his second motion to reopen and it was filed more than 12 years after his 2004 order of removal. However, the time and number limitations for filing a motion to reopen do not apply if the motion is filed in order to apply for

2

asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). The agency did not abuse its discretion in finding that Kacaj's evidence was insufficient to establish a material change in conditions in Albania.

First, Kacaj submitted country conditions evidence showing tensions between political parties and abuses of political protestors and journalists critical of the government.  The agency did not abuse its discretion in finding that this evidence was not material because the agency previously found Kacaj not credible as to his claim that he was a political dissident or active in Albania's Democratic

3

Party.  *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (finding no abuse of discretion in denial of reopening where new evidence "did not rebut [underlying] adverse credibility finding").  In any event, this evidence did not show conditions that were materially worse than those existing at the time of Kacaj's 2004 hearing.

Second, Kacaj submitted declarations from friends and family in Albania, largely concerning his claims regarding past events.  The agency did not err in assigning this evidence "minimal weight" because the authors were interested parties not available for examination and because of the agency's prior adverse credibility finding.  *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007) (holding that the BIA may reasonably rely on an adverse credibility finding in the underlying asylum proceedings in evaluating the evidence presented in support of a motion to reopen).  Even if the agency had afforded this evidence more weight, it did not support the conclusion that conditions had materially worsened for Kacaj

4

in Albania since 2004, as the authors alleged that threats against Kacaj and his family had persisted for decades.

Because the record supports the BIA's conclusion that Kacaj failed to demonstrate a material worsening of conditions for similarly situated people in Albania as needed to excuse the time and number bars to his motion, the BIA did not err in denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C). Because this finding is dispositive, we do not reach the BIA's alternative finding that Kacaj failed to establish prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5